**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
(State)

Case number (*If known*): _____ Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Joerns LLC

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  9 5 – 4 6 7 3 6 2 5

4. **Debtor's address**

   **Principal place of business**

   2430 Whitehall Park Dr.
   Number    Street

   Suite 100

   Charlotte         NC       28273
   City            State    ZIP Code

   Mecklenburg
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City        State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____

   _____
   City        State    ZIP Code

5. **Debtor's website** (URL)  www.joerns.com

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor   Joerns LLC  
_____Name_____

Case number (*if known*)_____

| | |
|---|---|
| 7. **Describe debtor's business** | A. *Check one:* <br><br> ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) <br> ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) <br> ☐ Railroad (as defined in 11 U.S.C. § 101(44)) <br> ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) <br> ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) <br> ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) <br> ☑ None of the above <br><br> B. *Check all that apply:* <br><br> ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) <br> ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) <br> ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) <br><br> C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . <br><br>  3  3  9  1 |
| 8. **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* <br><br> ☐ Chapter 7 <br> ☐ Chapter 9 <br> ☑ Chapter 11. *Check all that apply*: <br><br> ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that). <br><br> ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br><br> ☑ A plan is being filed with this petition. <br><br> ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). <br><br> ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. <br><br> ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. <br><br> ☐ Chapter 12 |
| 9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** <br><br> If more than 2 cases, attach a separate list. | ☑ No <br> ☐ Yes.  District _____ When _____ Case number _____ <br>                                                MM / DD / YYYY <br>                 District _____ When _____ Case number _____ <br>                                                MM / DD / YYYY |
| 10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br><br> List all cases. If more than 1, attach a separate list. | ☐ No <br> ☑ Yes.  Debtor  See attached Annex 1 _____  Relationship _____ <br>                 District _____  When _____ <br>                                                                        MM / DD / YYYY <br>                 Case number, if known _____ |

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page **2**

Debtor    Joerns LLC_____    Case number (*if known*)_____
        *Name*

| | | |
|---|---|---|
| **11.** | **Why is the case filed in *this district*?** | *Check all that apply:*<br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☑ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?**_____<br>    Number   Street<br>_____<br>_____<br>City                                     State      ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>      Contact name    _____<br>      Phone                   _____ |

### Statistical and administrative information

| | | |
|---|---|---|
| **13.** | **Debtor's estimation of available funds** | *Check one:*<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14.** | **Estimated number of creditors*** | ☐ 1-49            ☑ 1,000-5,000        ☐ 25,001-50,000<br>☐ 50-99           ☐ 5,001-10,000       ☐ 50,001-100,000<br>☐ 100-199        ☐ 10,001-25,000      ☐ More than 100,000<br>☐ 200-999 |
| **15.** | **Estimated assets*** | ☐ $0-$50,000             ☐ $1,000,001-$10 million      ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000      ☐ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000     ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million     ☑ $100,000,001-$500 million   ☐ More than $50 billion |

*****Represents consolidated financial information for Joerns WoundCo Holdings, Inc. and its affiliated debtors as set forth on "Annex 1". This does not constitute a statement or admission as to the creditors, assets or liabilities of any of the debtor entities individually.**

Official Form 201                  Voluntary Petition for Non-Individuals Filing for Bankruptcy                  page **3**

Debtor __Joerns LLC_____     Case number (*if known*)_____
           Name

| | | | |
|---|---|---|---|
| **16.** | **Estimated liabilities*** | ☐ $0-$50,000 <br> ☐ $50,001-$100,000 <br> ☐ $100,001-$500,000 <br> ☐ $500,001-$1 million | ☐ $1,000,001-$10 million <br> ☐ $10,000,001-$50 million <br> ☐ $50,000,001-$100 million <br> ☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion <br> ☐ $1,000,000,001-$10 billion <br> ☐ $10,000,000,001-$50 billion <br> ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/24/2019__
           MM / DD / YYYY

X _____     John Regan_____
Signature of authorized representative of debtor     Printed name

Title __Chief Financial Officer_____

**18. Signature of attorney**

X __/s/ Jeffrey M. Schlerf_____     Date __06/24/2019__
Signature of attorney for debtor                    MM / DD / YYYY

Jeffrey M. Schlerf_____
Printed name
Fox Rothschild LLP_____
Firm name
919            North Market Street, Suite 300_____
Number     Street
Wilmington_____     DE     19801_____
City                                     State     ZIP Code

(302) 654-7444_____     jschlerf@foxrothschild.com_____
Contact phone                        Email address

3047_____     Delaware_____
Bar number                           State

*Represents consolidated financial information for Joerns WoundCo Holdings, Inc. and its affiliated debtors as set forth on "Annex 1". This does not constitute a statement or admission as to the creditors, assets or liabilities of any of the debtor entities individually.

**Annex 1**

**SCHEDULE OF DEBTORS**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended. Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

|     | **Debtor** | **Employer Identification Number (EIN)** |
| --- | --- | --- |
| 1.  | Dynamic Medical Systems, LLC | 43-1696816 |
| 2.  | Global Medical, LLC | 52-2070696 |
| 3.  | Joerns LLC | 95-4673625 |
| 4.  | Joerns Healthcare, LLC | 20-5251510 |
| 5.  | Joerns Healthcare Mexico Holdings I LLC | 27-3972869 |
| 6.  | Joerns Healthcare Mexico Holdings II LLC | 27-3972942 |
| 7.  | Joerns Healthcare Parent LLC | 20-5602727 |
| 8.  | Joerns Services LLC | 46-3173441 |
| 9.  | Joerns WoundCo Holdings, Inc. | 27-3153555 |
| 10. | RCJH Cambridge Technologies, LLC | 52-1265541 |
| 11. | RCJH Merger Sub I, LLC | 38-3943709 |
| 12. | RecoverCare, LLC | 22-3661634 |
| 13. | Scott Technology, LLC | 06-1628047 |

# JOERNS LLC

ACTION BY WRITTEN CONSENT

OF THE

MANAGING MEMBER

Dated June 24, 2019

The UNDERSIGNED, being the managing member (the "**Managing Member**") of Joerns, LLC, a California limited liability company (the "**Company**"), acting without a meeting pursuant to Section 17104 of the California Corporations Code, does hereby consent to the adoption of the following resolutions and the taking of the actions specified therein pursuant to this Action by Written Consent:

WHEREAS, the Managing Member has considered presentations by the management of, and the financial and legal advisors to, the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest;

WHEREAS, the Managing Member has also had the opportunity to consult with the Company's management, and financial and legal advisors and other professionals, and fully consider the restructuring negotiations with the Company's first lien lenders and second lien noteholders;

WHEREAS, the Managing Member has previously approved a restructuring support agreement (the "**RSA**") by and between (i) the Company and certain of its affiliates, (ii) the Consenting First Lien Lenders (as defined in the RSA) and (iii) the Consenting Second Lien Lenders (as defined in the RSA), and the actions contemplated thereby (including the execution of a prepackaged plan of reorganization (the "**Plan of Reorganization**") and solicitation of approvals with respect to such Plan of Reorganization pursuant to a disclosure statement (the "**Disclosure Statement**"));

WHEREAS, based on its review of all available alternatives and advice provided by such advisors and professionals, the Managing Member has determined that it is in the best interest of the Company, its subsidiaries, their respective equityholders, and other parties in interest, for the Company and its subsidiaries to take the actions specified in the RSA and in the following resolutions;

*Chapter 11 Case*

WHEREAS, the Managing Member has been presented with a proposed petition to be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the Managing Member, having considered the financial and operational aspects of the Company's business and the best course of action to maximize value, deems it advisable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code and implement a restructuring of the Company through the Plan of Reorganization to be filed by the Company in connection with the commencement of the chapter 11 cases in the Bankruptcy Court;

NOW, THEREFORE, BE IT

RESOLVED, that in the judgment of the Managing Member, it is desirable and in the best interests of the Company, its subsidiaries, creditors, employees, equityholders, and other interested parties, that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby; and it is further

RESOLVED, that the Company's appointed officers (each, an "**Authorized Person**") hereby are authorized and empowered, on behalf of and in the name of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said petition on behalf of the Company shall determine.

*DIP Financing*

RESOLVED, that in connection with the commencement of the chapter 11 cases, each Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company, to negotiate, execute and deliver a debtor-in-possession loan facility or other form of credit support or enhancement (including, in connection therewith, such notes, security agreements and other agreements or instruments as such Authorized Person considers appropriate) on the terms and conditions as such Authorized Person executing the same may consider necessary, proper or desirable (including the granting of liens, security interests, and superpriority administrative claims and the guaranteeing of affiliate obligations), such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreement or instruments on behalf of the Company and/or file in the Bankruptcy Court such pleadings as may be necessary to make such debtor-in-possession facility or other form of credit support or enhancement binding and effective in respect thereof.

*Plan of Reorganization*

RESOLVED, that each Authorized Person be, and each hereby is, having previously been authorized and empowered, remains authorized and empowered, on behalf of and in the name of the Company, to execute the Plan of Reorganization and the Disclosure Statement in the name of the Company and to cause the same to be filed in the Bankruptcy Court in such

form and at such time as the Authorized Person executing the Plan of Reorganization and Disclosure Statement on behalf of the Company shall determine.

*Retention of Professionals*

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to retain and employ professionals to render services to the Company in connection with the chapter 11 cases and the transactions contemplated by the foregoing resolutions, including, without limitation: the law firm White & Case LLP to act as restructuring counsel; Fox Rothschild as local restructuring counsel; Moelis & Company to act as investment banker and as financial advisor; Conway Mackenzie, Inc. to act as restructuring advisor; and Epiq Corporate Restructuring, LLC to act as claims and noticing agent and administrative advisor; and in connection herewith, each Authorized Person is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of the foregoing; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered and directed, in the name and on behalf of the Company, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

*General Authority to Implement Resolutions*

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, contracts, agreements, other papers, additional security documents, guarantees, reaffirmations, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms, and provisions of, and to execute and deliver any amendments, modifications, waivers, or consent to any of the foregoing as may be approved by any Authorized Person, which amendments, modifications, waivers, or consents may provide for consent payments, fees, or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers, or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals, or other professionals, and to take any and all action which such Authorized Person or Authorized Persons deem necessary or proper in connection with the chapter 11 cases and the Plan of Reorganization, including any and all action necessary or proper in connection with obtaining authorization to use cash collateral and/or debtor-in-possession financing (in such amounts and on such terms as may be agreed by any Authorized Person, including the grant of replacement and additional liens, as is necessary or proper for the continuing conduct of the affairs of the Company and certain of its subsidiaries and affiliates), including the DIP Facility and refinancings or amendments thereof, with a view to the successful prosecution of the chapter 11 cases contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without

limitation, any action necessary or proper to maintain the ordinary course operation of the Company's business; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized to execute, deliver, and perform any and all special powers of attorney as such Authorized Person may deem necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as the Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, contracts, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, contracts, instruments, financing statements, notices, undertakings, certificates, and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 cases, or the Plan of Reorganization, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company in all respects by the Managing Member; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of the Company, on or before the date hereof in connection with the transactions contemplated by the foregoing resolutions be, and they hereby are, ratified, confirmed, and approved in all respects by the Managing Member; and it is further

RESOLVED, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, instruments, filings, or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings, or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Person to take all actions necessary, desirable, proper, advisable, or appropriate to consummate, effectuate, carry out, or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and it is further

RESOLVED, that the authority conferred upon any Authorized Person of the Company by this Action by Written Consent is in addition to, and shall in no way limit, such other

authority as such Authorized Person may have with respect to the subject matter of the foregoing resolutions, and that the omission from this Action by Written Consent of any agreement or other arrangement contemplated by any of the agreements, contracts, instruments, or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, or documents described in the foregoing resolutions shall in no manner derogate from the authority of any such Authorized Person to take any and all actions convenient, necessary, advisable, or appropriate to consummate, effectuate, carry out, perform, or further the transactions contemplated by and the intents and purposes of the foregoing resolutions; and it is further

RESOLVED, that each of the Authorized Persons (and their designees and delegates) be, and each hereby is, authorized and empowered to take all actions or not to take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, managing member, manager (or similar role) of each subsidiary of the Company, in each case, as such Authorized Person or Authorized Persons shall deem necessary proper, appropriate, desirable, or advisable to effectuate the purposes of the transactions contemplated herein, including authorizing and causing such subsidiaries to provide guaranties and grant liens in respect of the financing transactions contemplated herein; and it is further

RESOLVED, that each Authorized Person be, and each of them with full authority to act without the others hereby is, granted the power, at their discretion, to appoint and remove any substitutes in connection with any of the aforesaid purposes upon such terms as such Authorized Person shall deem proper, as well as the power to delegate each and every one of the powers contemplated by the foregoing resolutions; and it is further

RESOLVED, that any person dealing with the Authorized Persons authorized by the foregoing resolutions in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of the Authorized Person including by his execution in the name or on behalf of the Company, of any document, agreement or instrument, the same being a valid and binding obligation of the Company enforceable in accordance with its terms; and it is further

RESOLVED, that the Managing Member has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and it is further

RESOLVED, that all actions heretofore taken consistent with the purpose and intent of the foregoing resolutions are hereby authorized, ratified, approved, confirmed, and adopted in all respects as the acts and deeds of the Company as fully as if such actions had been presented to the Managing Member for prior approval, including, but not limited to, all such actions taken by any director, officer, or employee of the Company; and it is further

RESOLVED, that this Action by Written Consent may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed to constitute one or the same Action by Written Consent.

***

[*Signature Pages Follow*]

IN WITNESS WHEREOF, the undersigned, have duly executed and caused this Action by Written Consent to be delivered as of the date first written above.

**JOERNS HEALTHCARE PARENT LLC**

By: _____
Name: David Johnson
Title: President and CEO

By: _____
Name: John Regan
Title: SVP, CFO, Treasurer and Asst. Secretary

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| JOERNS LLC, | Case No. 19-_____ (\_\_\_) |
| | Joint Administration Pending |
| Debtors.[1] | |

**COMBINED CORPORATE OWNERSHIP STATEMENT AND
LIST OF EQUITY SECURITY HOLDERS OF
<u>JOERNS LLC</u>**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above captioned debtor and debtor in possession (the "**Debtor**") hereby respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

| EQUITY HOLDER | ADDRESS OF EQUITY HOLDER | PERCENTAGE OWNED |
|---|---|---|
| Joerns Healthcare Parent LLC | 2430 Whitehall Park Dr., Suite 100, Charlotte, NC 28273 | 100% |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Joerns WoundCo Holdings, Inc. (3555); Dynamic Medical Systems, LLC (6816); Global Medical, LLC (0696); Joerns LLC (3625); Joerns Healthcare, LLC (1510); Joerns Healthcare Mexico Holdings I LLC (2869); Joerns Healthcare Mexico Holdings II LLC (2942); Joerns Healthcare Parent LLC (2727); Joerns Services LLC (3441); RecoverCare, LLC (1634); RCJH Cambridge Technologies, LLC (5541); RCJH Merger Sub I, LLC (3709) and Scott Technology, LLC (8047). The address of the Debtors' corporate headquarters is 2430 Whitehall Park Drive, Suite 100, Charlotte, NC 28273.

**Fill in this information to identify the case and this filing:**

Debtor Name __Joerns LLC_____

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Combined Statement of Corporate Ownership and List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/24/2019__
MM / DD / YYYY

✗ _[signature]_____
Signature of individual signing on behalf of debtor

__John Regan__
Printed name

__Chief Financial Officer__
Position or relationship to debtor

Official Form 202       **Declaration Under Penalty of Perjury for Non-Individual Debtors**

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name: Joerns LLC | |
| United States Bankruptcy Court for the: District of Delaware | ☐ Check if this is an amended filing |
| Case Number (If known): 19-_____ | |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                              12/15

The Debtor and its debtor affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The following is a consolidated list of the Debtors' creditors holding the 30 largest unsecured claims based on the Debtors' books and records estimated as of the petition date. This list is prepared in accordance with Bankruptcy Rule 1007(d) for filing in these chapter 11 cases. The list does not include: (1) persons who come within the definition of "insider" set forth in section 101 of the Bankruptcy Code; (2) secured creditors, including the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims; or (3) claims held by the Debtors' employees. The information presented in the list below shall not constitute an admission of liability by, nor is binding on, the Debtors, and the failure to list a claim as contingent, unliquidated, disputed, or subject to setoff does not constitute a waiver of any of the Debtors' right to contest the validity, priority, or amount of any claim.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | USI MIDATLANTIC INC 1000 ADAMS AVENUE SUITE 200 NORRISTOWN, PA 19403 US | CONTACT: MR. JAMES A IRWIN, CHIEF EXECUTIVE OFFICER PHONE: 610-666-5000 | TRADE PAYABLE | | | | $616,973.63 |
| 2 | LINAK US INC 2200 STANLEY GAULT PARKWAY LOUISVILLE, KY 40223 US | CONTACT: BENT JENSEN, CEO PHONE: 502-253-5595 | TRADE PAYABLE | | | | $417,608.81 |
| 3 | KCI USA 12930 W INTERSTATE 10 SAN ANTONIO, TX 78249-2248 US | CONTACT: JAMES D. FITZ MORRIS, VP PHONE: 800-275-4524 | TRADE PAYABLE | | | | $370,593.05 |
| 4 | BLUE GRACE LOGISTICS CORPORATE HEADQUARTERS 2846 S. FAKENBURG RD. RIVERVIEW, FL 33578 US | CONTACT: BOBBY HARRIS, CEO PHONE: 800-697-4477 | TRADE PAYABLE | | | | $353,627.35 |
| 5 | ANSWERTHINK INC 6000 FELDWOOD ROAD COLLEGE PARK, GA 30349 US | CONTACT: GARY BAKER, COMMUNICATIONS DIRECTOR gbaker@thehackettgroup.com | TRADE PAYABLE | | | | $325,016.00 |
| 6 | KINDRED HEALTHCARE 680 S FOURTH ST LOUISVILLE, KY 40202 US | CONTACT: BENJAMIN BREIER, CEO PHONE: 502-596-7300 | TRADE PAYABLE | | | | $244,296.16 |

Debtor: Joerns LLC                                                    Case Number (if known): 19-_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  APEX HEALTH CARE MFG INC<br>20 INDL 3RD RD - TOU CHIAO PK<br>CHIA YI HSIEN  000<br>TW | CONTACT: FRANK HUANG<br>PHONE: 886-5-2133889<br>market@apexcare.com.tw | TRADE PAYABLE | | | | $233,890.95 |
| 8  RAYFORM LTD<br>UNIT 901 FOOK YIP BLDG<br>53-57 KWAI FUNG CRESCENT  000<br>HK | CONTACT: MANAGING DIRECTOR<br>PHONE: 852 2408-8804<br>FAX: 852-2498-1271<br>inquiry@rayform.com.hk | TRADE PAYABLE | | | | $232,361.59 |
| 9  FUNDAMENTAL ADMINISTRATIVE SERVICES<br>920 RIDGEBROOK ROAD<br>SPARKS, MD  21152<br>US | CONTACT: MARK FULCHINO, PRESIDENT<br>PHONE: 410-773-1000 | TRADE PAYABLE | | | | $228,656.46 |
| 10  ENDRIES INTERNATIONAL INC<br>714 WEST RYAN STREET<br>BRILLION, WI  54110<br>US | CONTACT: STEVEN ENDRIES, PRESIDENT<br>PHONE: 920-756-5381<br>FAX: 920-756-3772 | TRADE PAYABLE | | | | $221,460.70 |
| 11  DIRECT SUPPLY INC<br>7311 W. GREEN TREE RD.<br>MILWAUKEE, WI  53223<br>US | CONTACT: BOB HILLS, CEO<br>PHONE: 800-607-1491 | TRADE PAYABLE | | | | $199,972.39 |
| 12  LJT TEXAS<br>3601 EBERHARDT RD<br>TEMPLE, TX  76504<br>US | CONTACT: PAUL BILLSBOROUGH<br>PHONE: 254-771-2253 | TRADE PAYABLE | | | | $185,491.07 |
| 13  SR INSTRUMENTS INC<br>600 YOUNG ST<br>TONAWANDA, NY  14150<br>US | CONTACT: JANELLE MARIE HEIMGARTNER<br>PHONE: 716-693-5977<br>FAX: 716-693-5854<br>request@srinstruments.com | TRADE PAYABLE | | | | $175,145.38 |
| 14  ROGERS FOAM CORP<br>20 VERNON ST<br>SOMERVILLE, MA  02145<br>US | CONTACT: DAVID MAROTTA, PRESIDENT<br>PHONE: 617-623-3010 | TRADE PAYABLE | | | | $156,505.70 |
| 15  MORGAN, LEWIS & BOCKIUS LLP<br>1701 MARKET STREET<br>PHILADELPHIA, PA  19103<br>US | CONTACT: TIMOTHY LEVIN, PARTNER<br>PHONE: 215-963-5037<br>FAX: 215-963-5001<br>timothy.levin@morganlewis.com | TRADE PAYABLE | | | | $153,405.30 |
| 16  SFEG CORPORATION<br>2268 FAIRVIEW BLVD<br>FAIRVIEW, TN  37062<br>US | CONTACT: ROBERT MCBRIDE, CEO<br>PHONE: 800-793-4793<br>FAX: 615-799-3199<br>SALES@SFEG.COM | TRADE PAYABLE | | | | $144,359.45 |
| 17  CAREMED SUPPLY INC<br>7F, NO. 2 LANE 235<br>XIN TIEN CITY  231<br>TW | CONTACT: OSCAR T. S. LIU, MANAGING DIRECTOR<br>PHONE: 886-2-29186505<br>SALES@CAREMED.COM.TW | TRADE PAYABLE | | | | $143,563.66 |
| 18  ROSER & J COWEN LOGISTICAL SERVICES<br>4695 TOWERWOOD DR<br>BROWNSVILLE, TX  78521<br>US | CONTACT: JOHN COWEN, CEO<br>PHONE: 956-832-0908<br>info@rosercowen.com | TRADE PAYABLE | | | | $142,248.00 |

Debtor: Joerns LLC                                                                                      Case Number (if known): 19-_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 MCGUIRE WOODS<br>901 E CARY STREET<br>RICHMOND, VA 23219-4030<br>US | CONTACT: GEORGE KEITH MARTIN, PARTNER<br>PHONE: 804-775-1057<br>FAX: 804-775-1061<br>gmartin@mcguirewoods.com | TRADE PAYABLE | | | | $130,043.99 |
| 20 PGL PERIMETER GLOBAL LOGISTICS<br>2800 STORY RD<br>IRVING, TX 75038<br>US | CONTACT: MERRY LAMOTH, CEO<br>PHONE: 877-701-1919<br>info@shipPGL.com | TRADE PAYABLE | | | | $125,149.95 |
| 21 PRICE WATERHOUSE COOPERS LLP<br>1075 PEACHTREE STREET NE<br>SUITE 2600<br>ATLANTA, GA 30309<br>US | CONTACT: CAROLINE CHENG, GENERAL COUNSEL<br>PHONE: 678-419-1000<br>FAX: 678-419 1239 | TRADE PAYABLE | | | | $115,000.00 |
| 22 IEMENTOR CORP<br>13717 N LAKE SHORE DR<br>MEQUON, WI 53097<br>US | CONTACT: ROMAN RODICHEV, PRESIDENT<br>PHONE: 414-892-2900<br>FAX: 414-376-5575<br>sales@iementor.com | TRADE PAYABLE | | | | $113,107.95 |
| 23 KAP MEDICAL<br>1395 PICO ST<br>CORONA, CA 92881<br>US | CONTACT: RAJ K. GOWDA, PRESIDET<br>PHONE: 866-527 6331<br>FAX: 951-340 4361<br>service@kapmedical.com | TRADE PAYABLE | | | | $108,468.46 |
| 24 H FINE & SON LTD<br>VICTORIA HOUSE 93 MANOR FARM RD<br>WEMBLY MIDDLESEX HAO-1XB<br>GB | CONTACT: TREVOR MARTIN GEORGE PAYNE, ACCOUNTANT<br>PHONE: 44 (0) 20 8997 5055<br>FAX: 44 (0) 20 8997 8410<br>medicalsales@finegroup.co.uk | TRADE PAYABLE | | | | $108,299.90 |
| 25 AMERICAN DOUGLAS METALS INC<br>PO BOX 8000<br>BUFFALO, NY 14267<br>US | CONTACT: ED RAIMONDE, CEO<br>PHONE: 716-877-5257<br>FAX: 716-877-3456 | TRADE PAYABLE | | | | $107,089.13 |
| 26 DSSI<br>6767 N INDUSTRIAL ROAD<br>MILWAUKEE, WI 53223-5815<br>US | CONTACT: BHAGWAN P. THACKER, CEO<br>PHONE: 888-374-3499<br>FAX: 800-267-1170<br>Info@DSSI.net | TRADE PAYABLE | | | | $105,996.50 |
| 27 PRODUCTION STAMPING INC<br>9600 FALLON AVENUE<br>MONTICELLO, MN 55362<br>US | CONTACT: LESTER WURM, CEO<br>PHONE: 763-295-8400<br>FAX: 763-295-8488<br>info@productionstampinginc.com | TRADE PAYABLE | | | | $103,662.28 |
| 28 CLICKSOFTWARE INC<br>35 CORPORATE DRIVE<br>SUITE 400<br>BURLINGTON, MA 01803<br>US | CONTACT: ELMER LAI, CFO<br>PHONE: 888-438-3308<br>FAX: 781-272-6409 | TRADE PAYABLE | | | | $102,546.45 |

Debtor: Joerns LLC

Case Number (if known): 19-_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29  RYDER TRANSPORTATION SERVICES 11690 NW 105TH STREET MIAMI, FL  33178 US | CONTACT: ROBERT D. FATOVIC, EXECUTIVE VP PHONE: 305-500-3726 FAX: 305-500-4129 CUSTOMER_SERVICE-US@RYDER.COM | TRADE PAYABLE | | | | $101,207.35 |
| 30  CONCUR TECHNOLOGIES INC 62157 COLLECTIONS CENTER DR CHICAGO, IL  60693 US | CONTACT: CHRIS ARENDALE, CFO PHONE: 888-883-8411 FAX: 800-401-8412 Chris.Arendale@sap.com | TRADE PAYABLE | | | | $87,012.83 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims**    Page 4

**Fill in this information to identify the case and this filing:**

Debtor Name __Joerns LLC_____

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/24/2019__        X _/s/_____
MM / DD / YYYY                      Signature of individual signing on behalf of debtor

__John Regan_____
Printed name

__Chief Financial Officer_____
Position or relationship to debtor

Official Form 202              **Declaration Under Penalty of Perjury for Non-Individual Debtors**